IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § vs. § § § § MICHAEL HUDSON (1) § § § | CASE NO. 6:07-CR-100 |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On February 27, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Mary Ann Cozby. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony, Michael Hudson ("Defendant") was sentenced on April 30, 2008 by United States District Judge Michael H. Schneider. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of II, was 108 to 120 months. Defendant was sentenced to 108 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, mental health aftercare, sex offender aftercare, no contact with minors, computer monitoring on any computer the defendant is authorized to use, computer monitoring on

any computer in the household, a prohibition against removing, tampering with, or circumventing any monitoring software, disclosure of all on-line account information, including user names and passwords, a prohibition against viewing sexually explicit materials, search with reasonable suspicion concerning unlawful conduct or a violation of supervised release, and a special assessment of $100.

Defendant's conditions of supervised release were modified by Judge Schneider on March 6, 2015 to include 180 days in a residential reentry center. The case was re-assigned to Chief Judge Rodney Gilstrap on April 9, 2018. Defendant's conditions of supervised release were modified by Chief Judge Gilstrap on April 11, 2018 to include 36 hours of community service. Defendant's conditions were again modified by Chief Judge Gilstrap on November 15, 2018 to include placement in a residential reentry center for a period of 180 days and a prohibition of electronic devices. Defendant entered County Rehabilitation Center on December 3, 2018. The present petition was filed on January 18, 2019. The case was re-assigned to United States District Judge Jeremy Kernodle, on February 5, 2019.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on January 18, 2019, United States Probation Officer Alan Elmore alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (standard condition 7)**: **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**. It is alleged that Defendant submitted urine specimens on December 3, 2018; December 16, 2018; January 2, 2019; January 9, 2019; and January 14, 2019 that tested positive for marijuana.

2. **Allegation 2 (special condition): Defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence at a time determined by the probation office and must**

**abide by the rules and regulations of the center and pay subsistence according to BOP guidelines.** It is alleged that Defendant began the 180-day placement at County Rehabilitation Center in Tyler, Texas on December 3, 2018 and was unsuccessfully discharged on January 2, 2019.

3. **Allegation 3 (special condition): Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments and the defendant shall pay any cost associated with treatment and testing.** It is alleged that Defendant failed to pay the required copayment of $80.00 per month for the months of January, February, and March in 2018. Defendant completed 36 hours of community service to make up for failing to pay those copayments. Defendant, however, also failed to pay the required copayment for the months of September, October, November, and December 2018.

4. **Allegation 4 (special condition): Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children.** It is alleged that Defendant was found in the possession of a smartphone on November 13, 2018 and that he admitted to purchasing the phone on or around October 5, 2018 and using it to access the internet, view sexually explicit material including adult pornography, and send sexually explicit photos to his girlfriend.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

### *Hearing*

On February 27, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Mary Ann Cozby announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 5 months of imprisonment, followed by 3 years of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 5 months of imprisonment, followed by 3 years of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 5 months of imprisonment, followed by 3 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 5 months of imprisonment, followed by 3 years of supervised release.

So ORDERED and SIGNED this 27th day of February, 2019.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE